IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOAQUIM PEDRO,<br><br>Plaintiff,<br><br>v.<br><br>COYOTE DIRECT, LLC,<br><br>Defendant. | 2:25-CV-064-Z |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Coyote Direct, LLC's ("Coyote Direct") Motion to Dismiss ("Motion"), filed March 23, 2026. ECF No. 28. Joaquim Pedro ("Pedro") responded on April 13, 2026. ECF No. 29. Coyote Direct replied on April 27, 2026. ECF No. 30. The Motion is now ripe. Having reviewed the Motion, briefing, and relevant law, the Motion (ECF No. 28) is **DENIED**.

**BACKGROUND**

On March 31, 2026, Pedro filed an amended complaint alleging Coyote Direct breached their contract. The contract required Coyote Direct to make specific modifications to a vehicle Pedro intended to use in racing events. Pedro states three causes of action: breach of contract, violation of the Texas Deceptive Trade Practices and Consumer Act, and breach of the implied warranty to repair in a good workmanlike manner.

Importantly for the instant Motion, Pedro alleged that as a result of the breach of contract, he incurred damages in the amount of $141,357.72. ECF No. 8 at 5. This amount arises from three sources: (1) the total amount Pedro paid for Coyote Direct's services ($108,426.47); (2) the costs incurred resulting from breach, including travel expenses and equipment needed for Pedro to drive from New York to Amarillo, Texas to pick up the vehicle

and return it to New York ($7,200.00); and (3) the amount required to obtain or order parts needing to be replaced or repaired because of Pedro's failure to adhere to the contract ($25,731.25). *Id.*

After the close of discovery, Coyote Direct moved to dismiss the Amended Complaint. It argues the contract damages should be subtracted by the amount Pedro sold the engine and other parts of the car for ($49,500) since it "has reduced the amount of damages, if any, that Plaintiff can claim." ECF No. 28 at 3. Coyote Direct also argues the other damages alleged by Pedro are unrecoverable, *i.e.*, the travel expenses from New York to Texas and the cost of new parts to be replaced or repaired. Thus, Coyote Direct argues Pedro's damages are $58,926.47. This is below the $75,000 threshold required to keep this case in federal court. *Id.* Pedro responds that the damages alleged in the amended complaint were rightfully pled and that, even accounting for mitigation, damages exceed the $75,000 threshold. ECF No. 29 at 5.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may seek dismissal of an action for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). Federal courts have limited jurisdiction. They "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Thus, a plaintiff "must make 'clear, distinct, and precise affirmative jurisdictional allegations'" in pleadings. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). A court must consider a jurisdictional challenge "before addressing any attack on the merits." *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a

Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."). Under a 12(b)(1) motion, a court may dismiss for lack of subject-matter jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). The party claiming subject matter jurisdiction bears the burden of proof to show it is there. *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020). The party bears the burden because courts "presume[] that a cause lies outside [their] limited jurisdiction." *Kokkonen*, 511 U.S. at 377. Jurisdiction cannot be satisfied "argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983).

28 U.S.C. Section 1332 permits a federal district court to exercise jurisdiction over a case if the parties are diverse and the amount in controversy exceeds $75,000. "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). Failure to adequately allege diversity jurisdiction's basis "mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

## ANALYSIS

Coyote Direct's Motion to Dismiss is denied. Generally, when a plaintiff demands a specific amount of damages in the complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Berrocal v. Samsung Elecs Co.*, No. 25-50259, 2025 WL 3488842, at *2 (5th Cir. 2025) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). When a defendant challenges the amount in controversy, it must appear to a "legal certainty" that the claim is really for less than the jurisdictional amount.

*Burns v. Anderson*, 502 F.2d 970, 971 (5th Cir. 1974). There are only three situations that clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction. 14B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3702 (5th ed. 2026). The legal certainty test is highly deferential to plaintiffs. The Court should only look past the plaintiff's pleaded amount in controversy if "as a matter of law the jurisdictional amount cannot be recovered or, stated differently, no reasonable jury could award that amount." *Id.*

Coyote Direct has not established there is a *legal certainty* that the $141,357.72 pled by Pedro is unrecoverable. A reasonable factfinder could potentially award that amount, because no contract terms nor specific rule of law or measure preclude the amount. Nor has Coyote Direct in its Motion to Dismiss pled independent facts that show that the amount of damages claimed was merely to obtain federal court jurisdiction.

While Coyote Direct has made various arguments attempting to show Pedro's damages will be below the $75,000 threshold, Pedro asserts his own calculation above the $75,000 threshold. The parties disagree about what expenses Pedro may use to calculate damages under Pedro's three causes of action. Coyote Direct, for example, argues Pedro's travel expenses from New York to Texas ($7,200) and Pedro's ordering of new parts to be replaced or repaired in the car ($25,731.26) would have occurred regardless of whether the contract had been fully performed. Therefore, he argues, those amounts should not be included in the final calculation for damages. Pedro contends the calculation must include the travel expenses and the ordering of new parts since such incidents occurred directly as a result of Coyote Direct's breach. Regardless, at the motion to dismiss stage, this Court need not determine the precise quantity of Pedro's recoverable contract damages. The Fifth Circuit

has held "the computation of damages" is a "factual issue," *Streber v. Hunter*, 221 F.3d 701, 730 (5th Cir. 2000), and "[t]he fact-finder has the discretion to award damages within the range of evidence presented at trial, so long as rational basis exists for its calculation." *Matter of Rose*, 156, F.4th 602, 615 (5th Cir. 2025) (internal marks omitted).

The Court must merely determine whether Pedro made his claim on the amount in controversy in good faith, and that Coyote Direct's calculation does not rise to the level of "legally certain." It is certainly plausible that, after reviewing the facts underlying this case, a factfinder may find that the travel expenses and the ordering of new parts would not have occurred but for the breach. Thus, this Court finds the amount in controversy was pled in good faith. Because the pleaded amount is above the $75,000 threshold, this Court has diversity jurisdiction.

For the reasons herein, Coyote Direct's Motion to Dismiss (ECF No. 28) is **DENIED**.

**SO ORDERED.**

September 28, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE